UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| CENTRAL MAINE MEDICAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-_____ |
| v. | ) ) | |
| SYLVIA BURWELL, Secretary U.S. Department of Health and Human Services, | ) ) ) | |
| Defendant | ) ) ) ) | |

## COMPLAINT

Plaintiff, Central Maine Medical Center, ("CMMC" or "Plaintiff"), seeks review of Defendant, Sylvia Mathews Burwell, Secretary, U.S. Department of Health and Human Services' ("Defendant" or "DHHS") refusal to consider issues in Plaintiff's Medicare Reimbursement appeal for fiscal year 2007. In further support of its Complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a Maine non-profit, 501(c)(3) tax-exempt entities with a principal places of business in Lewiston, Maine.

2. Plaintiff is licensed by the State of Maine to operate acute care hospitals and has participated in the Medicare and Medicaid programs at all times relevant to this Complaint.

3. This action for review of the Secretary's final determination arises under Title XVII of the Social Security Act, 42 U.S.C. § 1395oo(f), 5 U.S.C. § 706, and 28 U.S.C. § 1331.

4. Venue in the U.S. District Court for the District of Maine is proper pursuant to 42 U.S.C. § 1395oo(f)(1).

## FACTS

5.     Plaintiff is a provider of medical services to beneficiaries of the federally administered Medicare Program as set forth in 42 U.S.C. § 1395 *et seq.* ("Medicare Act") and have been designated as Provider No. 20-0024.

6.     The Center for Medicare & Medicaid Services ("CMS") is the sub-agency within DHHS charged with administrating the Medicare program and overseeing the various Medicaid programs.

7.     CMS' payment and financial functions are contracted to organizations known as Medicare Administrative Contractors ("MACs").

8.     Following each cost reporting period, the MAC determines the payment amounts due to providers under the Medicare statutes, regulations, and interpretive guidelines published by CMS.

9.     The Provider Reimbursement Review Boat ("PRRB" or "Board") is a sub-agency within DHHS that serves as an administrative review for determinations made by CMS or the MAC.

10.    Providers unsatisfied by the MAC's determination of amounts due may appeal for a review of those decisions to the PRRB within a certain amount of time.

11.    Once a provider files for a PRRB review for one issue, the Provider may add issues to that appeal provided they file a request no later than 60 days after the expiration of the applicable 180 day period for filing a hearing request.

12.    This Complaint addresses the Board's decision to deny Plaintiff's request to add issues to its appeal of the MAC's reimbursement decision for fiscal year ending June 30, 2007

("FYE 2007"); specifically whether the Board can deny the request to add issues when the Provider themselves requests the addition rather than the Provider's representative.

## PROCEDURAL HISTORY

13. Plaintiff filed timely appeals of the MAC's FYE 2007 determination on January 13, 2014.

14. Plaintiff filed two separate appeals through two separate representatives, the undersigned counsel ("Verrill Dana") and Health Reimbursement Services ("HRS").

15. The Verrill Dana appeal addressed the MAC's determination of Medicare Inpatient/Outpatient Reimbursable Bad debts for Dual Eligible Beneficiaries.

16. The HRS appeal addressed the MAC's determination of the Rural Floor Budget Neutrality Adjustment.

17. PRRB rules require that provider assign only one representative for each fiscal year determination appealed.

18. Because of this, the PRRB notified Plaintiff that Verrill Dana will be the designated representative and then combined the issues plead by HRS into the Verrill Dana appeal.

19. On or about March 12, 2013, Plaintiff sought to add several issues to the FY 2007 appeal. Those issues included DSH SSI Percentage errors, DSH Medicare Managed Care Part C Days, DSH Payments Dual Eligible Days, SSI % Provider Specific, Additional Medicaid Eligible Days, and Outlier Fixed Threshold issues (collectively "New Issues").

20. The request was made on a PRRB Model form C that was signed by Phil Morissette, Plaintiff's Chief Financial Officer, not a representative of HRS.

21. Upon information and belief, the request also contained all of the supporting documents listed on PRRB Model form C.

22. Because Plaintiff executed the PRRB Model form C, as opposed to HRS, Plaintiff did not need an authorization letter designating a new representative.

23. The request was sent in a packet of materials containing documents pertinent to other appeals. One of those documents was a form authorizing HRS as Plaintiff's representative for other appeals.

24. The Board denied Plaintiff's request to add the New Issues to the FYE 2007 appeal citing the fact that the request did not include a form authorizing HRS and the new representative for FYE 2007.

25. On or about May 2, 2014 HRS contacted the board on behalf of Plaintiff in order to explain that the requests and the Form Cs were signed by Plaintiff and the HRS was not being assigned as the representative with respect to the FYE 2007 appeal. HRS sought reconsideration of the Board's decision.

26. On or about July 28, 2014 the Board issued its final decision denying Plaintiff's request to add the New Issues to the FY 2007 appeal.

27. The Board cited as a reason for the denial, the fact that the submitted form C's did not contain the proper documentation appointing HRS as Plaintiff's representative for the FYE 2007 appeal.

28. The Board's Decision is a final decision of the Secretary and is subject to judicial review.

29. The Board's Decision was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law generally, as well as the plain and unambiguous language of 42 U.S.C. § 1395x(v)(1)(A) read as a whole.

30. The Board's Decision was unsupported by substantial evidence.

31. The Board's Decision was made without observance of procedure required by law.

32. The Board's Decision was contrary to constitutional right, power, privilege, or immunity.

WHEREFORE, the Plaintiff demand that this Honorable Court vacate the Board's Decision, remand the appeal to the Board with directions that Plaintiff be allowed to add the New Issues to the FYE 2007 appeal, and grant such other relief and further relief as the Court finds just and proper.

Dated at Portland, Maine this 26th day of September, 2014.

/s/ William H. Stiles
William H. Stiles Bar No. 8123
wstiles@verrilldana.com

/s/ Benjamin E. Ford
Benjamin E. Ford Bar No. 4528
bford@verrilldana.com

Verrill Dana, LLP
One Portland Square
Portland, ME  04112
(207) 774-4000

Attorneys for Plaintiff

5620775