UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CENTRAL MAINE MEDICAL CENTER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SYLVIA BURWELL, Secretary, U.S. )<br>Department of Health and Human )<br>Services, )<br>)<br>Defendant ) | No. 2:14-cv-381-NT |

*RECOMMENDED DECISION ON MOTION TO DISMISS*

The defendant moves to dismiss this action seeking reversal of a decision of the Provider Reimbursement Review Board ("PRRB"). I recommend that the court deny the motion without prejudice.

## I.    Applicable Legal Standards

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extrapleading material. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 159–60 (3d ed. 2004); *see also Aversa,* 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante,* 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

1

## II.     Factual Background

The complaint includes the following relevant factual allegations.

The plaintiff is a non-profit entity with a principal place of business in Lewiston, Maine. Complaint (ECF No. 1) ¶ 1. It is licensed to operate acute care hospitals and has participated in the Medicare and Medicaid programs at all relevant times. *Id.* ¶ 2. It provides medical services to beneficiaries of the Medicare Program. *Id.* ¶ 5.

The Center for Medicare & Medicaid Services ("CMS") is the sub-agency within the Department of Health and Human Services charged with administering the Medicare program and overseeing various Medicare programs. *Id.* ¶ 6. Its payment and financial functions are contracted to organizations known as Medicare Administrative Contractors ("MACs"). *Id.* ¶ 7. Following each cost reporting period, the MAC determines the amounts due to providers under the Medicare statutes, regulations, and interpretive guidelines published by CMS. *Id.* ¶ 8.

The PRRB is a sub-agency within the Department of Health and Human Services that serves as an administrative reviewer of determinations made by CMS or MACs. *Id.* ¶ 9. Providers unsatisfied with the determination of a MAC may appeal those decisions to the PRRB within a certain amount of time. *Id.* ¶ 10. The provider may add issues to its already-filed appeal by filing a request no later than 60 days after the expiration of the 180-day period for filing a hearing request. *Id.* ¶ 11.

On January 13, 2014, the plaintiff filed timely appeals of the MAC's decision for the fiscal year ending June 30, 2007 ("FYE 2007"), through two separate representatives, the law firm of Verrill Dana and Health Reimbursement Services ("HRS"). *Id.* ¶¶ 13-14. The Verrill Dana appeal addressed the MAC's determination of Medicare Inpatient/Outpatient Reimbursable Bad Debts

2

for Dual Eligible Beneficiaries. *Id.* ¶ 15. The HRS appeal addressed the MAC's determination of the Rural Floor Budget Neutrality Adjustment. *Id*. ¶ 16.

PRRB rules require that the provider assign only one representative for each fiscal year determination appealed. *Id*. ¶ 17. The PRRB notified the plaintiff that Verrill Dana would be the designated representative for the FYE 2007 appeal and combined the issues from the two appeals into one. *Id*. ¶ 18. On or about March 12, 2013, the plaintiff sought to add several issues to the FYE 2007 appeal, including DSH SSI percentage errors, DSH Medicare Managed Care Part C Days, DSH Payments Dual Eligible Days, SSI % Provider Specific, Additional Medicaid Eligible Days, and Outlier Fixed Threshold issues (the "new issues"). *Id*. ¶ 19. The request was submitted on a form signed by the plaintiff's chief financial officer. *Id*. ¶ 20.

The request was sent in a packet of materials containing documents pertinent to other appeals; one document was a form authorizing HRS as the plaintiff's representative for other appeals. *Id*. ¶ 23. The PRRB denied the plaintiff's request to add the new issues to the FYE 2007 appeals, citing the fact that the request did not include a form authorizing HRS as the new representative for FYE 2007. *Id*. ¶ 24. On or about May 2, 2014, HRS contacted the PRRB on behalf of the plaintiff to explain that the requests and a Form C were signed by the plaintiff and that HRS was not being assigned as the representative for the FYE 2007 appeal. *Id*. ¶ 25.

On or about July 28, 2014, the PRRB denied the request to add the new issues to the FYE 2007 appeal, citing as a reason the fact that the submitted Form Cs did not contain the proper documentation appointing HRS as the plaintiff's representative for the FYE 2007 appeal. *Id*. ¶¶ 26-27.

### III. Discussion

The defendant takes the position that the PRRB has not issued a decision that is appealable. Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion") (ECF No. 10) at 2. The PRRB's regulations provide, in relevant part:

> A Board decision is final and subject to judicial review under section 1878(f)(1) of the Act only if the decision—
>
> (i) Is one of the Board decisions specified in § 405.1875(a)(2)(i) through (a)(2)(iii) of this subpart or . . . is deemed to be final by the Administrator under § 405.1875(a)(2)(iv) of this subpart[.]

42 C.F.R. § 405.1877(a)(3)(1). "Judicial review of all nonfinal Board actions, including [a] Board remand order, discovery or disclosure ruling, or subpoena . . . is limited to review of a final agency decision as described in § 405.18787(a) of this subpart." 42 C.F.R. § 405.1877(c)(3).

The plaintiff relies on 42 C.F.R. § 405.1868, which is entitled "Board actions in response to failure to follow Board rules," and provides, *inter alia*:

> If a provider fails to meet a filing deadline or other requirement established by the Board in a rule or order, the Board may—
> (1) Dismiss the appeal with prejudice;
> (2) Issue an order requiring the provider to show cause why the Board should not dismiss the appeal; or
> (3) Take any other remedial action it considers appropriate.

42 C.F.R. § 405.1868(b). The regulation goes on to require the PRRB to issue a dismissal decision if it dismisses the appeal with prejudice, 42 C.F.R. § 405.1868(d)(1); any action other than dismissal taken by the PRRB in this regard "is not subject to immediate . . . judicial review (as described in § 405.1877(a)(3)[.]" 42 C.F.R. § 405.1868(e)(1).

> A Board action other than dismissal of the appeal may be reviewed solely during the course of Administrator review of one of the Board decisions specified as final, or deemed to be final by the Administrator, under § 405.1875(a)(2) of this subpart, or of judicial review of a final agency decision as described in § 405.1877(a) of this subpart, as applicable.

4

42 C.F.R. § 405.1868(e)(2).

The defendant contends that the PRRB's denial of the plaintiff's request to add issues to its FYE 2007 appeal is not a "final decision" subject to judicial review within the specifications of 42 C.F.R. § 405.1875(a)(2) because the PRRB took "other remedial action" under 42 C.F.R. § 405.1868(b), because it in all other respects "allowed the appeal to proceed." Motion at 12. Thus, she asserts, this action is premature because the PRRB has not issued a final decision on the appeal. *Id*. at 13.

This argument would carry more weight if there were any possibility that the PRRB would issue a "final decision" on the plaintiff's FYE 2007 appeal in the foreseeable future. However, the plaintiff contends that there were no issues pending in that appeal when the complaint in this action was filed. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") (ECF No. 14) at 5. The plaintiff withdrew one of the two issues originally included in that appeal and the other was transferred to a group appeal. *Id*.; *see* Administrative Record (hereafter "AR") at 3, 8. The PRRB "closed" the appeal. *See* ECF No. 14-1, letter dated December 17, 2014, from Clayton J. Nix to Corinna Goron and Danene Hartley, at [5]. Essentially, the defendant contends that because the PRRB "closed" the appeal rather than "dismissing" it, its denial of the plaintiff's request to add issues to the appeal on the basis of a reason that, from all that appears, is obviously erroneous, is nonetheless unreviewable by the courts.

The plaintiff, seeking a remedy for the alleged error, asserts that the "closing" of the appeal under the circumstances present in this case was an "effective" dismissal. Opposition at 5. The defendant responds that the appeal was not closed by the PRRB's denial of the plaintiff's request to add issues to the appeal, but rather only after the plaintiff's subsequent transfer of one of the remaining issues to another appeal and abandonment of the only remaining issue. Reply to

Plaintiff's Opposition to Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Reply") (ECF No. 15) at 2. This did not occur until December 17, 2014, well after the plaintiff had filed this action. *Id*. at 4; *see* ECF No. 1 (filed September 26, 2014). The plaintiff, the defendant asserts, must, therefore, file a new action, after this one is dismissed. Reply at 5.

Of course, this course of action is no longer available to the plaintiff, because the applicable regulations require it to file a court challenge to reviewable final agency action within 60 days of the date of CMMC's receipt of the December 17, 2014 letter. The case law cited by the defendant on this point is not on point.

None of the cited cases holds that a complaint seeking judicial review of CMS action, or action of any government agency, that is brought before the agency's action is final, must be dismissed by a court, even if, in the interim, the proper time period in which to bring the complaint has expired. That is the question presented here.

The defendant contends, in the alternative, that the plaintiff "may decide to ask the CMS Administrator to review the denial of its request to add new issues[,]" citing 42 C.F.R. § 405.1875. Reply at 5-6. However, that regulation appears to require such a request to be made within 15 days of receipt of the PRRB's decision. 42 C.F.R. § 405.1875(c)(1)(ii). That "alternative" is thus now unavailable to the plaintiff.

## IV. Conclusion

Under these circumstances, and on the showing made, the defendant has not supported its motion to dismiss sufficiently to place upon the plaintiff the burden of demonstrating that this court has subject matter jurisdiction over this action. Nor has the plaintiff addressed the factual situation present here, where its own actions appear to have made unavailable the alternate procedures suggested by the defendant. I, therefore, recommend that the motion be denied without prejudice

to its reassertion in more complete form, with direct attention to the question presented by the motion, as set forth above.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of August, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge